UNITED STATES of America,
Plaintiff,

v.

Prince Samuel ANIM, Defendant.

No. 4:06–cr–00218.

United States District Court,
S.D. Iowa,
Central Division.

Nov. 5, 2007.

Nicholas Todd Drees, Angela L. Campbell–FPD, Federal Public Defenders Office, Des Moines, IA, for Defendant.

Kevin E. VanderSchel, U.S. Attorney's Office, Des Moines, IA, for Plaintiff.

## ORDER

ROBERT W. PRATT, Chief Judge.

Before the Court is a motion to modify the conditions of release as to the Defendant, Prince Samuel Anim, filed by the United States of America. Clerk's No. 94. The Defendant filed a response to the

Government's motion on November 2, 2007. Clerk's No. 96. After reviewing the motion and the response, the Court does not believe a hearing on this matter is necessary at this time. Accordingly, the matter is fully submitted.

## I. PROCEDURAL BACKGROUND

On October 5, 2007, a jury returned a verdict of guilty against the Defendant on all eight counts of the Superseding Indictment.[1] After the verdict was returned, however, the Court permitted the Defendant to remain free on bond pending sentencing, based on a finding by clear and convincing evidence that the Defendant was not likely to flee or pose a danger to the community if released. This finding was made based on the Defendant's compliance with pretrial release, and the fact that his passport and other documents that might permit him to flee the country were confiscated as a condition of his pretrial release.

The Government claims that the Defendant has refused to provide his true identity to the United States Probation Officer drafting the presentence report in this case. Along with making the Probation Officer's task of ascertaining the Defendant's criminal history more difficult, this has generated a suspicion by the Government that the Defendant may indeed pose a flight risk prior to sentencing. The Government, while not requesting a bond revocation hearing, has requested that the Court order the Defendant to "provide full and accurate information as to his identity and background as an express condition of his release pending sentencing." The Defendant responds by indicating that he provided accurate information during the presentence interview, by noting that any

information withheld was done so on the advice of counsel, and by indicating that he is willing to meet again to discuss any additional information sought by the Probation Office.

## II. DISCUSSION

■■■ Due process affords defendants the right to be sentenced on the basis of accurate information. *United States v. Tucker*, 404 U.S. 443, 447, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972); *Townsend v. Burke*, 334 U.S. 736, 741, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948). This right is enforced by ensuring that a defendant be provided an opportunity to explain, deny, or correct any information that may have a material effect on the sentence imposed by the Court. *See Gardner v. Florida*, 430 U.S. 349, 362, 97 S.Ct. 1197, 51 L.Ed.2d 393 (1977) (holding that due process was violated where a death sentence was imposed based on information in a presentence report and the defendant was not given an opportunity to deny or explain the information); *Ryder v. Morris*, 752 F.2d 327, 332 (8th Cir.1985) (noting that due process requires that an accused be given an opportunity to rebut material issues and inaccuracies in a presentence report). There is no duty, however, for a defendant to provide information to the Probation Office for use in the presentence report. Indeed, while not common in this district, defense counsel sometimes instruct their clients not to provide information to the Probation Office. *See, e.g., United States v. Goodman*, No. 8:03CR566, 2006 WL 3390734, at *1 n. 1 (D.Neb. Nov.22, 2006) (noting that, in the District of Nebraska, "defendants rarely submit to interviews with, or provide information to, the probation office ... because they risk incriminating themselves or losing the government's

---

**1.** Count One was subsequently dismissed without prejudice on motion of the Govern-

ment. *See* Clerk's Nos. 92 and 93.

recommendation [under the sentencing guidelines] of an adjustment for acceptance of responsibility"). The purpose behind the presentence report is to assist the Court in making an individualized sentencing determination, and the Defendant's cooperation with the Probation Officer is much more likely to work in his favor under the 18 U.S.C. § 3553(a) sentencing factors than to his detriment. However, while Federal Rule of Criminal Procedure 32(d) requires that the presentence report include a defendant's criminal history and any factors relevant to the appropriate kind of sentence, there is no legal requirement that a defendant participate in this endeavor.[2] *See Mitchell v. United States,* 526 U.S. 314, 327, 119 S.Ct. 1307, 143 L.Ed.2d 424 (1999) (noting that, "[t]o say that [the defendant] had no right to remain silent [at sentencing] but instead could be compelled to cooperate in the deprivation of her liberty would ignore the Fifth Amendment privilege at the precise stage where, from her point of view, it was most important."). An order that the Defendant cooperate is, therefore, inappropriate, and the Government's request that such an order be made part of the Defendant's conditions of continued bond must be denied.[3]

### III. CONCLUSION

For the reasons noted above, the Government's motion to modify the Defen-

dant's conditions of release (Clerk's No. 94) is DENIED.

IT IS SO ORDERED.

---

**2.** An obstruction of justice enhancement under the advisory sentencing guidelines may be appropriate where a defendant provides materially false information to a probation officer in respect to a presentence investigation. *See* U.S.S.G. § 3C1.1 cmt. n.4(h). To the extent the Defendant may still be claiming to be Nana Yaw Yirenkyi, however, such a claim under the circumstances of this case would amount to a claim of innocence, and an obstruction of justice enhancement under the guidelines would not be applicable. *See id.* cmt. n.2.

**3.** The Government correctly notes that, pursuant to 18 U.S.C. § 3143(a), the burden now rests on the Defendant to demonstrate that he is not a flight risk or a danger to the community such that he should remain free on bond pending sentencing. As the current motion requests only modification, the Court does not read the Government's motion to be requesting that a bond revocation hearing due to changed circumstances be held at this time. The Government may make a revocation motion if it believes the facts of the case warrant doing so.